HARRY E. ELLIOTT and SAMUEL W. ELLIOTT, trading as H. E. ELLIOTT AND SON, *vs.* SAMUEL J. WILSON, trading as S. J WILSON AND SON.

1. ASSUMPSIT, ACTION OF—EXPRESS CONTRACTS.

Where a contract for services has been performed, and the wages only remain to be paid, the common *indebtitatus* assumpsit count for work and labor lies for the recovery of the wages, though generally where there has been a special agreement, the parties must resort thereto.

2. WORK AND LABOR—SERVICES—EXPRESS CONTRACTS.

Where either party to a contract for services has partially performed, but has been prevented from completing the work by the default of the other party, the party prevented may recover on the common counts and in *quantum meruit* for his partial services up to the time he was stopped, and obtain a payment for the reasonable value of the services.

3. WORK AND LABOR—ACTION—EVIDENCE.

Where, in an action by a building contractor, suing for the reasonable value of the work done up to the time he was prevented by the owner from completing the work, the issue was whether the owner had paid for all the services rendered,—the contract could not be considered by the jury in determining the question.

4. WORK AND LABOR—BREACH—ACTIONS—EVIDENCE.

Where, in an action by a building contractor for the reasonable value of services rendered and materials furnished up to the time he was prevented by the owner from completing the work, the evidence showed that building materials prepared by the contractor were used by the owner after the contractor quit work,—the jury, in determining the right of the contractor to recover, need not consider whether he made the materials according to the specifications annexed to the contract.

5. TRIAL—EVIDENCE—QUESTION FOR JURY.

The jury are the judges of the weight of the testimony of witnesses, and where the testimony is conflicting they must reconcile it if they can, and if they cannot they must accept that part which under the circumstances is most worthy of credit.

*(April 12, 1911.)*

Judges BOYCE and CONRAD sitting.

*Robert C. White* and *James M. Tunnell* for plaintiffs.
*John M. Richardson* and *Daniel J. Layton, Jr.*, for defendant.

Superior Court, Sussex County, April Term, 1911.

SUMMONS CASE (No. 32, June Term, 1910), brought to recover the sum of three hundred and forty-eight dollars and ninety-three cents for work and labor and for the use of a machine, alleged by the plaintiffs to have been performed and used by the defendant in making concrete building blocks for the erection of a building for the defendant.

See further facts in the charge of the court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action of assumpsit, on the common counts, brought by Harry E. Elliott and Samuel W. Elliott, trading as H. E. Elliott and Son, against Samuel J. Wilson, trading as S. J. Wilson and Son, to recover the sum of three hundred and forty-eight dollars and ninety-three cents, as originally stated, for work and labor and for the use of a machine, alleged by the plaintiffs to have been performed and used by the

defendant in making concrete building blocks for the erection of a building for the defendant. It appears from a contract in writing between the parties which is in evidence before you by consent, that the plaintiffs had contracted to erect a building with a cellar for the defendant in the town of Milton, last year.

It is conceded that a dispute arose between the parties as to the proper interpretation and meaning of the specifications respecting the thickness and mode of construction of the basement walls of the building. And the plaintiffs maintain that in consequence of the dispute or disagreement, they were prevented from proceeding with and completing the building.

This action was not brought to recover damages for a breach of the contract, but to recover compensation for the work and labor alleged to have been performed by the plaintiffs and their workmen under the contract prior to the time when, as they claim, they were prevented from proceeding further on the building, and for other demands set forth in their bill of particulars, which is as follows:

"PLAINTIFF'S BILL OF PARTICULARS.

1910.
May 11.   To 4,500 cement blocks at 8 cents.............$360 00
May 11.   To 13 lintels and sills at $1.00.................  13 00
May 11.   To work and labor in excavating and erecting
            forms for foundation.......................  32 84
Sept.  3.   To use of block machines from May 11 to Sept. 3,
            1910, 100 days, at $2.00...................  200 00
                                                        _____
          Total..............................$605 84

                          Cr.
1909.
Dec.   20.   By cash..................................$ 10 00
1910.
March 25.   By cash...................................  25 00
April   2.   By cash...................................  50 00
April   9.   By cash...................................  40 00
April  16.   By cash...................................  26 00
April  24.   By cash...................................  20 00
April  30.   By cash...................................  38 00
May    7.   By cash...................................  30 00
May   14.   By cash...................................  17 91
                                                        _____
          Total........................................$256 91

Balance due, $605.84—$256.91, or $348.93."

At the close of the testimony on both sides, counsel for the plaintiff restated the demand of the plaintiffs as follows:

| | |
|---|---:|
| 4,500 blocks at 8c | $360 00 |
| 13 lintels | 13 00 |
| Work on excavating | 32 84 |
| 10 days' use of block machines | 20 00 |
| | $425 84 |

Cr.

| | |
|---|---:|
| By cash payments | $256 91 |
| By draft | 30 49 |
| By freight | 3 93 |
| By cash | 50 |
| By freight | 2 03 |
| By C. G. Waples | 6 44 |
| By proportion of rent | 10 00 |
| | $310.30 |
| | $115 54 |

The plaintiffs' demand as restated is one hundred and fifteen dollars and fifty-four cents.

[1] As a general principle, where there has been a special agreement, the parties must resort to their remedies upon and seek their redress under it, and cannot proceed upon the common counts; but when the contract of service has been entirely performed and executed under such a contract, and the wages only remain to be paid for it, the common *indebitatus assumpsit* count for work and labor may be maintained for the recovery of the money.

[2] So, too, where either party has partially performed the special agreement pursuant to the terms of it, but has been prevented from completing or perfecting it, by the default or misconduct of the other party, the party so interrupted and prevented from completing it, may recover on the common counts and in *quantum meruit*, for his partial services up to the time when he was stopped, whatever they were reasonably worth. *McGartland v. Steward & Clark*, 2 *Houst.* 277; *Hurlock v. Murphy & Copperwaite*, 2 *Houst.* 551.

[3] The contract between the parties, in evidence, can be of no assistance to you in coming to a determination upon the issue of fact in this case, under the pleadings and evidence. The

plaintiffs' demand is based upon the value of the work and labor to the defendant, alleged to have been performed by them and their workmen, from the time the work on the building was commenced to the time they ceased to work thereon, as well as upon the value of the use of the machine to the defendant, alleged to have been retained and used by him in making the necessary additional blocks for the completion of the building after the plaintiffs had ceased to work thereon.

The various items and character of the plaintiffs' demand is disclosed by the restatement of their bill of particulars, which we have read to you.

[4]   You need not consider the cost of the cement used in making the building blocks and lintels, either before or after the plaintiffs left off working on the building, for it is admitted by them that the defendant paid for the same; nor need you consider whether the plaintiffs mixed and made the blocks and lintels according to the specifications, annexed to the contract between the parties, for it is admitted by the defendant that he used them in the erection of the building.   He also admitted that he used the block machine ten days according to the claim of the plaintiffs in the restatement of their demand.

The vital questions for your determination, to be ascertained by you from the evidence, are:   (1) What were the services rendered by the plaintiffs, and the use of the machine by the defendant, reasonably worth to the defendant?   (2) Has the defendant fully paid the plaintiffs for the services rendered and for the use of the machine?

The plaintiffs admit that the defendant did, from time to time, make payments on account of the work and labor performed, but they claim that there remains a balance due them according to their demand.

The defendant insists that he has fully paid the plaintiffs for all services rendered and that he made advances to and for them, at their request, in excess of all demands against him.

The contentions of the parties, as you have heard them, are questions of fact which you must determine from all the evidence before you, throwing any light upon the plaintiffs' demand and

the payments made by the defendant to and for the plaintiffs, on account of their demand.

It is for you to find from the evidence whether the defendant is indebted to the plaintiffs, and, if so, for what amount.

[5]   You are the judges of the weight and value of the testimony of the witnesses. And where the testimony is conflicting, as in this case, you should reconcile it if you can; if you cannot, you should accept that part of the testimony which in view of all the circumstances you deem most worthy of credit, and reject that which you deem the least worthy of credit.

Your verdict should be either for the plaintiffs for such sum as you find to be due them, not in excess of the amount claimed, or for the defendant, according as the evidence preponderates.

Verdict for plaintiffs.